RECEIVED
IN ALEXANDRIA, LA
NOV 13 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BERNADINE BROUSSARD THOMAS** | : | **DOCKET NO. 09-208 (Lead)** <br> **2:09–210 ( Member)** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **PROTECTIVE INSURANCE CO., ET AL** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a "Rule 37 Motion to Dismiss, or Alternatively, Sanctions" (doc. #15) wherein the defendants, Protective Insurance Company, Central Freight Lines and Gerald J. Bertrand, move the Court to dismiss these consolidated actions under Federal Rule of Civil Procedure 37 for failure to comply with the court's discovery order. Plaintiff has not responded to the motion.

## PROCEDURAL HISTORY

These consolidated lawsuits were filed in state court on January 8, 2009, by the same counsel, and subsequently removed to this court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332(a); they were consolidated on July 17, 2009. The case was set for a scheduling conference for July 8, 2009 before Magistrate Judge Kay wherein the Honorable Judge set the matter for a bench trial on February 8, 2010, before the undersigned. During the scheduling conference, defense counsel discussed problems he was having with plaintiffs' counsel's failure to respond to propounded discovery. Magistrate Kay ordered the parties to respond to any outstanding discovery by August 7, 2009.[1]

Attached to the instant motion to dismiss, are letters which evidence the following requests for

---

[1] See minutes of proceeding (record entry #11) dated July 8, 2009.

discovery. On March 3, 2009 defense counsel sent its first set of interrogatories to plaintiffs' counsel.[2] On April 6, 2009, defense counsel informed plaintiffs' counsel that it had been over 30 days since discovery was propounded and he has not received any responses. Defense counsel requested that plaintiffs' counsel contact him within 10 days to inform him when the discovery request would be filed.[3] On April 13, 2009, defense counsel discussed a Rule 26(f) conference and addressed plaintiffs' counsel's responsibility to participate with developing a proposed discovery plan. Defense counsel also informs plaintiffs' counsel that he will be scheduling a telephone conference under Rule 37 because of Plaintiffs' failure to respond to discovery requests. Defense counsel proposed May 12, 2009 at 10:00 a.m. for the conference and requested that plaintiffs' counsel inform him if that was an available date.[4] The Court has determined pursuant to the parties' Rule 26(f) report dated May 26, 2009, that the conference took place.[5] In that report, Plaintiffs' counsel agreed to produce responses to defendants' interrogatories and request for production of documents including medical records within three (3) weeks of May 12, 2009.[6]

Defense counsel complains that Plaintiffs' counsel has not responded to the outstanding discovery in violation of Magistrate Judge Kay's August 7, 2009 order and his repeated discovery requests. Furthermore, opposing counsel has not contacted defense counsel to explain why the

---

[2] Defense exhibit A.

[3] Defense exhibit B.

[4] Defense exhibit, not marked.

[5] Doc. #9.

[6] *Id.* at ¶ 3.

2

responses have not been produced. Accordingly, Defendants submit that dismissal of plaintiffs' claims, with prejudice, at Plaintiffs' costs is proper under Rule 37(b)(2) and under the United States Supreme Court's reasoning n *National Hockey League, et al, v. Metropolitan Hockey Club, Inc.* [7]

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 37 provides the following pertinent provision:

> **(b) Failure to comply with a Court Order.**
> \* \* \*
> **(2) *Sanctions in the District Where the Action Is Pending.***
> (A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent– or a witness . . . – fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may included the following:
>
> \* \* \*
> (v) dismissing the action or proceeding in whole or in part; . . .

Defendants also cite *National Hockey League, et al, supra,* wherein the Supreme Court reversed the Court of Appeal's reversal of the district court's dismissal of the suit because of Plaintiffs failure to timely answer interrogatories as ordered by that court. Recognizing that dismissal pursuant to Rule 37 was the most severe in the spectrum of sanctions provided by the rule, the court noted that it "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent."[8]

In the instant case, Defendants have been since early March, trying to get a response to

---

[7] 427 U.S. 639, 96 S.Ct. 2778 (1976).

[8] *Id.* at 2781.

propounded interrogatories, through letters, phone calls, and finally an Order by the Magistrate Judge. Plaintiffs' counsel has failed not only to respond to Magistrate Kay's Court Order, he has also failed to respond to defense counsel's repeated requests for discovery. Plaintiffs' counsel has also failed to provide any reason, valid or not, as to why he has repeatedly failed to respond to said discovery. Finally, Plaintiffs' counsel has failed to respond to this motion to dismiss. Defendants have a right to know the evidence that will be asserted against them in order to defend themselves at trial. The trial of this matter is scheduled for February 8, 2009, just less than three (3) month from now, and Plaintiffs' counsel has refused and/or failed to respond to any discovery sought. As stated in *National Hockey League, et al, supra,* Plaintiffs' counsel's actions demonstrate a callous disregard of responsibilities owed to the Court and to his opponents.[9] Accordingly, the Court concludes that this is an appropriate case in which to impose Rule 37 and dismiss the instant consolidated lawsuits.

## CONCLUSION

Based on the foregoing, the motion to dismiss will be granted, dismissing with prejudice, the consolidated lawsuits at Plaintiffs' costs.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 13th day of November, 2009.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[9] *Id.* at 2780.

4